IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DENNIS O'BRIEN EDWARDS,

    Plaintiff,

vs.                                         Case No. 09-1347-JTM

THE BOEING COMPANY, et al.,

    Defendants.

MEMORANDUM AND ORDER

Nearly two decades ago, plaintiff Dennis O'Brien Edwards sued Boeing for wrongful termination and his Union local for breach of the duty of fair representation. The late Judge Patrick F. Kelly of this court dismissed Edwards' claims against Boeing and the Union as time-barred. *Edwards v. Boeing*, Case No. 91-C-1479-K, 1992 WL 276652, (Orders of July 2 and September 2, 1992). This decision was affirmed by the Tenth Circuit. *Edwards v. Boeing*, Case No. 92-3276, 1993 WL 214566 (June 18, 1993).

This matter is now before the court on the Motion for Leave to Proceed *Informa Pauperis* (Dkt. 3) and for Appointment of Counsel (Dkt. 4) in an new action brought by Edwards. In addition, to these motions, Edwards has filed a Complaint, styled as a "Motion for Redress," in which he complains that Judge Kelly's decision "CREATES A UNCONSTITUTIONAL LEGISLATIVE ACTION WITH PERJURY." (Dkt. 1, at 4). Edwards attaches numerous documents to his Motion for Redress, but does not elaborate on the relief he seeks. He names as defendants both Boeing and

the Union, as well as the District Court itself. The apparent thrust of the Complaint is the overturning of the earlier determination that Edwards' claims were barred by the statute of limitations.

The court will deny the motions to proceed without payment of costs and request for appointment of counsel. Further, the present action will be dismissed. Under 28 U.S.C. § 1915(d), the court has the authority to dismiss an *in forma pauperis* proceeding "if satisfied that the action is frivolous or malicious." The statute allows the court "to dismiss a claim based on an indisputably meritless legal theory" which "lacks even an arguable basis in law," *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989), as well as claims based on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 350 (1992).

Here, Edwards essentially seeks reconsideration of the seventeen-year-old decision holding his claims were then time-barred. Sixteen years have passed since that decision was affirmed on appeal to the Tenth Circuit. An action may be dismissed as frivolous under § 1915(e) where it is clear from the face of the complaint that the action is time-barred. *See White v. Rockafellow*, 181 F.3d 106 (6th Cir.1999); *Gilbert v. Kansas*, No. 02-4163-JAR, 2002 WL 31863840 (D. Kan. Dec. 16, 2002).

IT IS ACCORDINGLY ORDERED this 21st day of December, 2009, that the plaintiff's Motions to Proceed *Informa Pauperis* and for Appointment of Counsel (Dkt. 3 and 4) are hereby denied, and the present action is hereby dismissed.

 s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE