IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DENNIS O'BRIEN EDWARDS,

            Plaintiff,


vs.                                    Case No. 09-1347-JTM


BOEING COMPANY, et al.,

            Defendants.



MEMORANDUM AND ORDER


On December 21, 2009, the Court denied plaintiff Dennis O'Brien Edwards' request for in forma pauperis status, and dismissed the present action, finding the case was based on an indisputably meritless legal theory which lacked even an arguable basis in law. (Dkt. 7). On December 29, Edwards filed a motion (Dkt. 9) pursuant to K.S.A. 44-612, for transfer of the case to the Kansas Supreme Court.[1]  On January 7, 2010, Edwards filed a Notice of Appeal with the Tenth Circuit. (Dkt. 10). Shortly after filing the Notice of Appeal, Edwards filed a Motion for Leave to Proceed  In Forma Pauperis addressed to the Tenth Circuit (Dkt. 11).

On January 22, 2010, Edwards filed three motions in this court: a  motion to transfer under K.S.A. 44-612 similar to that presented to the Tenth Circuit (Dkt. 14), a Motion for Appointment of Counsel (Dkt. 15); and a Motion for Leave to Proceed In Forma Pauperis. (Dkt. 16).

_____

[1]K.S.A. 44-612 authorizes the Kansas Secretary of Human Resources to commence an original action before the Kansas Supreme Court to compel compliance with an order issued by the Secretary.

On January 25, 2010, the Tenth Circuit entered an Order (Dkt. 17) which denied the request to transfer the action to the Kansas Supreme Court, noting that Edwards had failed to reference the Circuit's rule regarding certified questions. Tenth Cir. R. 27.1. The court also denied without prejudice Edwards' request for in forma pauperis status, and the court reminded Edwards that he must either pay the required $450.00 docket and $5.00 filing fee, or apply to this court for leave to proceed without payment of fees on or before February 8, 2010. (Dkt. 17, at 2).

With the filing of the Notice of Appeal to the Tenth Circuit, the court is without jurisdiction to order the case transferred to the Kansas Supreme Court, and the court will deny without prejudice the motion to transfer.

The court will not appoint counsel. In a civil action, the decision whether to appoint counsel lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir.1991). Factors relevant to the exercise of that discretion include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.*, 926 F.2d at 996. Having considered the record, the court finds the issues presented are not unusually complicated, and that Edwards has been able to articulate his claims. Further, the court has previously determined that Edwards's claims lack any arguable basis in the law.  The court will not appoint counsel.

The court will also deny the request to proceed without prepayment of fees filed on January 22 for the same reason that his similar request was denied on December 21. The ability to proceed without the payment of fees "is a privilege, not a right-fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir.1998). In civil cases, the decision whether to permit such a waiver of fees is committed to the discretion of the district court, and that discretion should be used

"sparingly." *Zhu v. Countrywide Realty Co.*, 148 F.Supp.2d 1154, 1156 (D. Kan.2001). The court has previously found that Edwards' requested relief has no arguable basis in law or fact, and finds no basis for altering that conclusion. Accordingly, the Motion for Leave to Proceed Without Payment of Fees is hereby denied.

IT IS ACCORDINGLY ORDERED this 2nd day of February, 2010, that plaintiff's Motions for Transfer, Appointment, and Leave to Proceed, (Dkt. Nos. 9, 11, 14, 15, 16) are hereby denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE